IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ALAN HEADMAN | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:24-cv-33-JCB |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATIONS, ET AL. | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND ORDER

Before the Court is Plaintiff's Motion for Emergency Preliminary Injunctive Relief (ECF 2), Motion for Speedy Hearing (ECF 7), and Motion for Hearing on Motion for Emergency Preliminary Injunctive Relief (ECF 18). Having considered the pleadings, the motion for speedy hearing and motion for hearing are **DENIED**. The Court also recommends that the motion for preliminary injunction be **DENIED**.

### BACKGROUND

Plaintiff Alan Headman, proceeding *pro se*, filed the above-styled lawsuit on January 26, 2024. The case is referred in accordance with 28 U.S.C. § 636. The original pleading, filed the same date as Plaintiff's motion for a preliminary injunction, stated that Plaintiff is suing the Federal Bureau of Investigation ("FBI") and United States pursuant to 42 U.S.C. § 1983. Plaintiff stated that he filed an online request for an investigation on the FBI's website. The investigation request concerned a lawsuit Plaintiff states that he filed in Upshur County, Texas, to appeal a final order from the Texas Workforce Commission. Plaintiff alleged that the county judge assigned to his case refused to give him a jury trial and required him to provide security in the amount of $50,000

1

for the case to proceed. Plaintiff requested declaratory relief affirming his right to a jury trial and injunctive relief requiring the FBI to respond and perform a "deep dive review" of his allegations.

The original pleading did not allege facts sufficient to state a claim. The Court entered an Order identifying the deficiencies in the original complaint and affording Plaintiff an opportunity to address those deficiencies in an amended pleading (ECF 9). Plaintiff filed his amended complaint on March 21, 2024 (ECF 11).

The amended complaint re-asserts Plaintiff's previous allegations and continues to identify only two named defendants—FBI and United States. Plaintiff states that he is not seeking to overturn the state court action. Instead, he "seeks injunctive relief ordering the Federal Bureau of Investigation[] to conduct the requested 'deep dive' investigation" into the alleged denial of his constitutional rights."[1] Plaintiff submits that he is entitled to an investigation and that the FBI is obligated to investigate his allegations.

The Court issued a Report and Recommendation recommending dismissal for failure to state a claim upon which relief can be granted. The Report concluded that *Bivens* action claims against the FBI and United States—the only named defendants in Plaintiff's original and amended pleading—are not actionable. The Report additionally determined that Plaintiff has not stated actionable claims pursuant to 18 U.S.C. §§ 241 and 242 or state law. In response, Plaintiff filed written objections. Among other things, Plaintiff asserted that he wants to amend the complaint again to add individual defendants. As a result, the Court entered an Order (ECF 26) withdrawing the Report and affording Plaintiff one more opportunity to amend the pleadings to cure the identified deficiencies. To date, Plaintiff has not filed his amended pleading.

---

[1] Amended Complaint for Declaratory and Injunctive Relief, ECF 11, at *2.

In his motion seeking a preliminary injunction, Plaintiff asserts the same allegations that are asserted in his original complaint. Plaintiff seeks an immediate investigation by the FBI and a declaration that his right to a trial by jury was violated by the state court judge.

## APPLICABLE LAW

The prerequisites for a temporary restraining order and a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs any damage that the injunction may cause for the nonmovant; and (4) that the injunction will not disserve the public interest. *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 285 (5th Cir. 1999); *see also Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Since a temporary restraining order or a preliminary injunction is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements. *United States v. Jefferson* County, 720 F.2d 1511, 1519 (5th Cir. 1983). In other words, the movant has a cumulative burden to prove each of the four enumerated elements. *Mississippi Power & Light Co.*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark v. Prichard*, 812 F.2d at 993. A preliminary injunction "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed2d 249 (2008). The decision of whether to grant or deny a temporary restraining order or a preliminary injunction is left to the sound discretion of the trial court. *Mississippi Power & Light Co.*, 760 F.2d at 621.

## DISCUSSION AND ANALYSIS

Plaintiff's motion does not identify, much less establish, the prerequisites for a preliminary injunction. "The denial of a preliminary injunction or temporary restraining order will be upheld

where the movant has failed to sufficiently establish *any one* of the four criteria." *Black Fire Fighters Ass'n v. City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990).

As explained above, the Court repeatedly addressed deficiencies in Plaintiff's pleadings. To date, he has not put forth a pleading that states a viable claim for relief. As a result, he has not established a likelihood of success on the merits. Similarly, he has not shown irreparable harm. In his motion, Plaintiff includes a conclusory statement that "[d]ue to the nature of the Plaintiff's land being threatened," irreparable harm will occur if immediate action is not taken.[2] To establish irreparable injury, a movant must show "that if the district court denied the grant of a preliminary injunction, irreparable harm would result." *Janvey v. Alguire*, 628 F.3d 164, 175 (5th Cir. 2010). Injuries are irreparable only when they "cannot be undone through monetary remedies." *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 312 (5th Cir. 2008) (citation omitted). Unsupported conclusory statements are insufficient to demonstrate an entitlement to the extraordinary relief provided by a TRO or a preliminary injunction. *See, e.g., Hunt v. Bankers Trust Co.*, 646 F.Supp. 59, 66 (N.D.Tex. Aug. 27, 1986).

Plaintiff's motion wholly fails to address the third and fourth elements, which require a showing that the threatened injury outweighs any damage that an injunction might cause and that an injunction will not disserve the public interest. Plaintiff failed to meet his burden to prove each of the four prerequisites as required to establish that a preliminary injunction is appropriate. The motion for injunctive relief should be denied.

## RECOMMENDATION

It is accordingly recommended that Plaintiff's Motion for Emergency Preliminary Injunctive Relief (ECF 2) be **DENIED**. It is further

---

[2] Plaintiff's Motion for Emergency Preliminary Injunctive Relief, ECF 2, at *4.

**ORDERED** that Plaintiff's Motion for Speedy Hearing (ECF 7), and Motion for Hearing on Motion for Emergency Preliminary Injunctive Relief (ECF 18) are **DENIED**.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). Written objections shall not exceed five pages. Local Rule CV-72(b).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

So ORDERED and SIGNED this 24th day of July, 2024.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE