UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00033

**Alan Headman,**
*Plaintiff,*

v.

**Federal Bureau of Investigations et al.,**
*Defendants.*

### ORDER

Plaintiff Alan Headman filed this action claiming that he has been denied a right to jury trial in a state court matter and seeking declaratory and injunctive relief requiring the Federal Bureau of Investigations to conduct an investigation of that supposed denial. Doc. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to a standing order. Plaintiff moved for emergency preliminary injunctive relief (Doc. 2) and moved for a speedy hearing (Doc. 7). Later, plaintiff again moved for an emergency hearing on his request for injunctive relief (Doc. 18).

On July 24, 2024, the magistrate judge issued a report recommending that plaintiff's motions for emergency preliminary injunctive relief and motion for speedy hearing be denied. Doc. 28. Plaintiff filed written objections. Doc. 29. The court reviews objected-to portions of the magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1).

In his objections, plaintiff does not address any specific findings or conclusions in the report. Plaintiff does not respond to the report's finding that he has not proven any of the four prerequisites for establishing that a preliminary injunction is appropriate. Instead, plaintiff asserts that the court is avoiding resolution of his claims and preventing him from proceeding to trial.

The prerequisites for a temporary restraining order and a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer

irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs any damage that the injunction may cause for the nonmovant; and (4) that the injunction will not disserve the public interest. *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 285 (5th Cir. 1999); *see also Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish *any one* of the four criteria." *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (emphasis in original). Here, plaintiff has not established any of the prerequisites for a preliminary injunction.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. The court denies plaintiff's motion for emergency preliminary injunctive relief (Doc. 2), motion for speedy hearing (Doc. 7), and motion for an emergency hearing on preliminary injunctive relief (Doc. 18).

*So ordered by the court on September 23, 2024.*

J. CAMPBELL BARKER
United States District Judge